# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DON FAIRFIELD,**

    Petitioner,

vs.                                            Case No. 4:05cv162-RH/WCS

**WARDEN, BOP, et al.,**

    Respondents.

_____/

## ORDER ON § 2241 PETITION

This cause is before the court on Petitioner's pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241; "motion memorandum of current status" with attached in forma pauperis application, and "motion for injunction, TRO, or Mandam[us]; as soon as possible."  Docs. 1, 4 and 5.

At the outset, Petitioner is scheduled for release on August 8, 2005.  *See* Doc. 1, p. HC-4.  He was previously incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi (FCI Yazoo).  *Id.*, p. HC-5.  He was held at the Federal Detention Center in Tallahassee while in transit (as "simply a holding facility," *Id.*), when he filed the § 2241 petition.  He is now at the Coleman Federal Correctional Complex (FCC Coleman) (located in the Middle District of Florida).  Docs. 4 and 5.

The court addresses the Petitioner's claims in the order presented.

Petitioner asserts that on February 24, 2005, he was sentenced to six months by the United States District Court in Tampa, for violation of supervised release. Doc. 1, p. 1. He asserts that this custody is illegal because the Government never had jurisdiction in the original case. *Id.* Attached in support is a memorandum of law discussing restrictions of federal jurisdiction and the reservation of power to the states.[1] Petitioner asserts that a 28 U.S.C. § 2255 motion raising this issue is not possible, so § 2241 is his only remedy. *Id.*

Petitioner does not identify the crime for which he was sentenced, or explain why the court lacked jurisdiction for that particular crime. Moreover, he does not state why it is not possible for him to raise this claim by § 2255 motion. To raise this claim in habeas corpus Petitioner must show that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." § 2255. *See also* Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (explaining this "savings clause" language).

If Petitioner wishes to file a habeas corpus petition challenging his sentence, pursuant to the savings clause of § 2255, he should file an amended § 2241 petition while he is still in custody. If he does so, he must allege specific facts in support of the claim raised, and also explain precisely why the remedy afforded by § 2255 is inadequate or ineffective.

---

[1] The memorandum appears at pp. HC-6 through HC-18. It is condensed so that four pages of argument appear on one page.

Petitioner asserts as his second issue that the Bureau of Prisons (BOP) owes him 70 days of good time credit from a previous sentence.  Doc. 1, p. 1.  He also claims that he is being "cheated" by the BOP of another 27 days of this credit on his current sentence, so he is entitled to immediate release.  *Id.*, p. 2.

The denial or loss of good time credit is generally cognizable under § 2241.  While a memorandum of law is not necessary, Petitioner has not alleged any facts in support of this claim.[2]  If he wishes to proceed with this claim, he may file an amended § 2241 petition alleging specific facts to support his claim that he was "cheated" out of good time credit in violation of the laws or Constitution of the United States.  He is advised, however, that the claim will be mooted by his release from custody,[3] and even if he files an amended § 2241 petition promptly it is unlikely to be adjudicated in such a short time.  Though the nature of Petitioner's claim is unknown, it is noted that the Eleventh Circuit very recently held that the BOP reasonably interpreted 18 U.S.C. § 3624(b)(1) to calculate good conduct time based (54 days per year) on the years a prisoner actually serves in prison, rather than the years sentenced.  <u>Brown v.</u>

---

[2] Petitioner references a memorandum of law contained in an article of "The Champion," between 2002 and 2003, on www.nacdl.org, which is the site for the National Association of Criminal Defense Lawyers.  Doc. 1, p. 1.  According to the website, The Champion is published ten times per year.  The current petition raises only a vague claim unsupported by factual allegations, and Petitioner is advised that the court will not search a website (or otherwise conduct a fishing expedition) to find support for a claim which has not even been identified.

[3] *See, e.g.*, <u>Spencer v. Kemna</u>, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (challenge to parole revocation was mooted by subsequent release).

McFadden, __ F.3d __, 2005 WL 1618739 (11th Cir. July 12, 2005). Because this interpretation was reasonable, the rule of lenity did not apply. *Id.*, at *2.

Petitioner asserts that he has repeatedly requested and been denied placement into a halfway house or CCC (community correction center), and that his brief placement (28 days) in such a center prior to his last release ultimately caused his violation of supervised release. Doc. 1, p. 2 and attachment (pp. HC-3 and HC-4). Petitioner alleges that he requires employment within the CCC program to avoid homelessness following release, and to obtain necessary dental and other medical treatment. *Id.*, at HC-3. He seeks immediate designation to a CCC, prior to his release from prison on August 8, 2005. *Id.*, at HC-4.

Petitioner does not allege any legal or constitutional entitlement to placement in the CCC program or a halfway house, or any other basis (aside from his desire) for such placement. The BOP "shall, *to the extent practicable*, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." 18 U.S.C. § 3624(c) (emphasis added). "[Section] 3624(c) does not mandate placement in a CCC or home confinement, but rather expresses non-binding guidelines" for such placement. Fagiolo v. Smith, 326 F.Supp.2d 589, 593

(M.D. Penn. 2004) (collecting cases); *see also* Bilinsky v. Federal Bureau of Prisons, 2005 WL 1475558 (D. N.J. June 22, 2005).[4]

To the extent that Petitioner is challenging his prison conditions or the denial of medical care, such claims are not cognizable in habeas corpus. *See* Gomez v. United States, 899 F.2d 1124, 1125-26 (11th Cir. 1990) ("[t]he appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment.").

Petitioner asserts that he has tried in good faith to pursue administrative remedies on his good time credit and CCC claims, but "staff here refused to answer" his informal requests, and refused to provide forms for him to take the next step in the process. Doc. 1, p. 2. It is not known whether Petitioner has requested (or staff has answered) administrative relief while at FCC Coleman. Given the short period of time remaining, he should do so.

Petitioner asserts that he cannot afford an attorney, and that the Federal Public Defender in Tampa has been appointed to represent him only on appeal from the

---

[4] There are a number of district court opinions, collected and discussed in Bilinsky and Fagiolo, addressing the BOP's interpretation of § 3624(c), as affected by a memorandum opinion of December 13, 2002, by the Office of Legal Counsel. *See* 2005 WL 1475558 at *2 (noting that afterwards "a flurry of litigation ensued."). The court in Bilinsky also noted a split of authority as to whether a request for release to CCC placement may proceed in habeas corpus or by a civil rights suit. 3, n. 4. If Petitioner files an amended petition with respect to his good time, he may include allegations of fact, if appropriate, to support the contention that he is entitled to CCC placement. Again, however, the claim runs the risk of becoming moot due to Petitioner's anticipated release on August 8, 2005.

Case No. 4:05cv162-RH/WCS

revocation of supervised release.  *Id.*  Petitioner asserts that he knows that his CCC, good time, and jurisdiction issues have merit but he cannot get justice without counsel.  Doc. 4.  Given the vague nature of the claims and the unlikelihood of any entitlement to relief, counsel will not be appointed.

In his motion for injunction, Petitioner seeks a court order directing the shipment of all his legal property to Coleman FCI.  Doc. 5.  Attached is Petitioner's inmate request asking that 16 boxes be sent from FCI Yazoo to FCC Coleman at no expense to him.  Doc. 5, attachment.  Attached to the request is a BOP program statement (with Petitioner's notes) indicating that no more than two boxes for each inmate are sent at Government expense, but that legal property is exempt from this limit.  *Id.*  Attached to the § 2241 petition is a request for return of all property, which "should consist of 13 to 15 boxes," and "which also has needed LEGALS."  Doc. 1, attachment (p. HC-5).  In his affidavit, Petitioner asserts that "[t]o the best of my knowledge, ALL my property boxes at FCI Yazoo contain 'legal property' in varying amounts," and "that legal material vital to my cases is within my said legal property above."  Doc. 5, p. 4.

To justify preliminary injunctive relief, Petitioner must show that there is a substantial likelihood of success on the merits; a substantial threat of irreparable harm; that the threatened injury outweighs the harm an injunction may cause a defendant; and that granting the injunction would not disserve the public interest.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997);  United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983).  It is an extraordinary and drastic remedy, and

Petitioner "clearly carries the burden of persuasion" of all four prerequisites. Jefferson County, 720 F.2d at 1519 (citation omitted).

Petitioner has not alleged what legal papers are contained in the missing boxes which are necessary to this habeas corpus proceeding.[5] Indeed, since his petition is deficient for failing to allege specific facts, it is hard to imagine that the legal papers are necessary. Petitioner should have personal knowledge of the facts. Legal argument is not necessary.

It is therefore **ORDERED**:

1. Leave to proceed in forma pauperis (doc. 4) is **GRANTED** but the request for counsel is **DENIED**.

2. Ruling on the motion for injunction (doc. 5) is **DEFERRED**. If Petitioner files an amended petition he may supplement his motion for injunction (if he contends an injunction remains necessary) by alleging facts as explained above.

3. The clerk shall forward § 2241 petition forms to Petitioner with this order.

---

[5] To the extent that Petitioner seeks return of property not specifically related to this petition, that would be the subject of a separate lawsuit. He is advised that as a prisoner he *must* exhaust administrative remedies. 42 U.S.C. § 1997e(a); Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). The court has no discretion to waive this requirement or provide continuances for a claim which has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); (holding that an excessive force claim is subject to the exhaustion requirement). The court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159 F.3d at 1323.

Case No. 4:05cv162-RH/WCS

4.  If Petitioner wishes to file an amended petition, he must do so using the § 2241 form and must set forth specific allegations of fact.  If Petitioner files an amended petition, he must provide two identical copies.

5.  If Petitioner has not filed an amended petition by **August 12, 2005**, it will be recommended that this cause be summarily dismissed.

**DONE AND ORDERED** on July 14, 2005.

 S/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**